

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. F. B. Caudle
County Attorney
Franklin County
Mount Vernon, Texas

Dear Sir:

Opinion No. O-7188

Re: Whether a Constable who has duly
qualified can move to an adjoin-
ing precinct and appoint a deputy
in the precinct from which he has
moved.

We have received your letter of March 23, 1946, which is
quoted as follows:

"I submit the following query:

"If a Constable, who has duly qualified, moves to an
adjoining precinct, and desires to appoint a deputy in the
precinct from which he has moved, can he legally do so, or
has the Constable already vacated his office by his moving,
and changing his residence to an adjoining precinct, but in
same county.

"I do not think he has vacated his office as Constable
by such move, and think he can legally appoint a deputy con-
stable."

Whether your Constable may appoint a deputy under the above
facts is dependent upon and may be answered by determining if the Con-
stable has vacated his office in removing to an adjoining precinct,
under the provisions of Section 14, Article 16 of the Texas Constitu-
tion reading as follows:

"Art. 16, Sec. 14. All civil officers shall reside
within the State; and all district or county officers with-
in their districts or counties, and shall keep their offices
at such places as may be required by law; and failure to
comply with this condition shall vacate the office so held."

Hon. F. B. Caudle - Page 2

The foregoing section of the Constitution makes no reference to precincts or precinct officers. A Constable is an officer of the precinct. However, if a Constable may be included within the term "county officer" as used in the above article, then it is readily seen that he does _not_ vacate his office unless he removes from the _county_. Thus the only question for determination here is whether a Constable is a county officer, the answer to which we look to Section 24, Article 5 of the Texas Constitution reading as follows:

"County judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the judges of the District Courts for incompetency, official misconduct. . . . . . ." (Emphasis added)

It is obvious from a reading of the above section that the framers of the Constitution classified constables as County officers. This construction of the section has been well stated by the Court of Civil Appeals of Texas in the case of Hendricks v. State, 49 S. W. 705, wherein it was held that the trustees of common school district are County officers, in the following language:

"School districts are subdivisions of the County as are commissioners' and justices' precincts. Commissioners, justices of the peace, and constables are named along with other officers whose offices extend to the entire county; and the mention of 'other county officers' is a reference to them as County officers. Each of them is an officer in and for the precinct of the county of which his precinct is a part, and consequently of the county itself; and we think there should be no difficulty in construing the Constitution and the statute as including the officers of the precincts and districts of a County in the general designation of County Officers."

It is our opinion, therefore, that a constable is a "County officer" within the meaning of that term as used in Article 16, Sec. 14 of the Texas Constitution. Consequently, he does not vacate his office upon removing to another precinct within the County and his authority to appoint a deputy is not affected by such change of residence; however, his authority is not absolute, but is subject to approval by the Commissioners' Court which it may give only after it finds the Constable is in need of a deputy in order to properly carry on the business of his office originating in his precinct as provided in Article 6879a. See Johnson v. State, 52 S. W. 2d 110, for proper procedure by Constable to secure the appointment of a deputy.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Jack K. Ayer_
Jack K. Ayer
Assistant

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

JKA:djm